■ VALERIE DIXON, Respondent, v CASSONE LEASING, INC., et al., Defendants and Fourth-Party Plaintiffs, E.M.D. CONSTRUCTION CORP. et al., Respondents, DYMO DEVELOPMENT CORP., Defendant and Third-Party Defendant-Respondent, and ALMAR PLUMBING & HEATING CORP., Defendant and Fourth-Party Defendant-Appellant. [674 NYS2d 727] —In an action to recover damages for personal injuries, the defendant fourth-party defendant Almar Plumbing & Heating Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated October 7, 1997, as denied its cross motion for summary judgment dismissing all claims and cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, Valerie Dixon, was injured when the car she was driving collided with a vehicle driven by the defendant Elester Laughinghouse at the intersection of Dumont Avenue and Cleveland Street in Brooklyn. Laughinghouse stopped at a stop sign on Cleveland Street but could not see the oncoming traffic on Dumont Avenue because a construction trailer and two storage containers obstructed his view. He proceeded to drive across Dumont Avenue and collided with the plaintiff's car. The defendant fourth-party defendant Almar Plumbing & Heating Corp. (hereinafter Almar) was the lessee of one of the two containers.

The Supreme Court properly denied Almar's cross motion for summary judgment, since there were material issues of fact as to whether Almar's container was illegally parked at the intersection and whether Almar's container contributed to the accident (see, CPLR 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557).

The plaintiff's contention that Almar should be sanctioned with respect to this appeal is without merit. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.